DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Tara Rayl, appeals from the judgment of the Summit County Court of Common Pleas denying her petition for post-conviction relief. This Court affirms.
 I. {¶ 2} On June 7, 2004, Appellant pled guilty to one count of aggravated vehicular homicide, two counts of driving under the influence, and one count of driving the wrong way on a one-way street. The trial court accepted Appellant's plea and sentenced her to a total of five years incarceration.
 {¶ 3} On December 3, 2004, Appellant filed a motion for post-conviction relief. In her motion, Appellant argued that she did not properly waive her right to a jury trial, that the trial judge exhibited bias and ignored mitigating evidence, that the trial court sentenced her improperly, and that her trial counsel was ineffective. Appellant supplemented her petition on December 15, 2004, arguing that her sentence was disproportionate when compared to similar offenders. The State opposed Appellant's motion, asserting that she did not allege constitutional violations and that any violations she did properly argue were barred by res judicata.
 {¶ 4} The trial court agreed with the State and denied Appellant's petition without an evidentiary hearing. Appellant then requested and received findings of fact and conclusions of law from the trial court. Appellant timely appealed from the judgment of the trial court, raising two assignments of error. For ease, we consolidate Appellant's assignments of error.
 II. ASSIGNMENT OF ERROR I
"THE TRIAL COURT ERRED WHEN IT DID NOT HOLD AN EVIDENTIARY HEARING ON [APPELLANT'S] MOTION FOR POST-CONVICTION RELIEF."
 ASSIGNMENT OF ERROR II
"THE TRIAL COURT ERRED IN DENYING [APPELLANT'S] MOTION FOR POST-CONVICTION RELIEF BASED ON THE DISPROPORTIONATE SENTENCE IMPOSED BY THE COURT."
 {¶ 5} In her assignments of error, Appellant argues the Revised Code mandates a hearing based upon the circumstances of her case. Specifically, Appellant urges that her assertion that her sentence is disproportionate cannot be determined without an evidentiary hearing. We address each of the arguments raised by Appellant's petition in turn and find that they lack merit.
 {¶ 6} A decision whether to grant or deny a petition for post-conviction relief is within the broad discretion of the trial court. State v. Elkins, 9th Dist. No. 21380, 2003-Ohio-4522, ¶ 5. This court will not reverse the trial court's decision absent an abuse of discretion. Id. Abuse of discretion requires more than simply an error in judgment; it implies unreasonable, arbitrary, or unconscionable conduct by the court. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 7} R.C. 2953.21(A)(1)(a) provides as follows:
"Any person who has been convicted of a criminal offense * * * who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief."
In addition, R.C. 2953.21(E) provides:
"Unless the petition and the files and records of the case show the petitioner is not entitled to relief, the court shall proceed to a prompt hearing on the issues even if a direct appeal of the case is pending. If the court notifies the parties that it has found grounds for granting relief, either party may request an appellate court in which a direct appeal of the judgment is pending to remand the pending case to the court."
Jury Trial Waiver Judicial Bias
 {¶ 8} Appellant argues that the waiver of her right to a jury trial was not made knowingly, intelligently, and voluntarily. In support, Appellant in her affidavit alleges that the trial court coerced her into entering a guilty plea by threatening to impose the maximum sentence if she proceeded to trial, and that her trial counsel did not protect her rights. In addition, Appellant argues that the trial court's actions were somehow the result of personal bias.
 {¶ 9} Appellant's argument is barred by the doctrine of res judicata.
"Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." State v. Perry
(1967), 10 Ohio St.2d 175, paragraph nine of the syllabus.
Appellant could have raised her arguments regarding the validity of her waiver of a jury trial and the possible bias of the trial court judge on direct appeal. Accordingly, she is barred from raising such an argument in her petition for post-conviction relief. See, State v. Cole (1982),2 Ohio St.3d 112, 114 (finding that "the allegations outside the record upon which appellant relies appear so contrived, when measured against the overwhelming evidence in the record * * *, as to constitute no credible evidence and, thus, to justify the trial court's application of the principles of res judicata.").
 {¶ 10} Assuming arguendo that Appellant has presented a claim that is not barred by res judicata, her petition was properly denied without a hearing. In reviewing affidavits submitted in support of a petition, a trial court may use its discretion in deciding whether to accept the statements as true. State v.Calhoun (1999), 86 Ohio St.3d 279, 284. In determining the credibility of the submitted affidavits, the trial court should consider the following factors:
"(1) whether the judge reviewing the postconviction relief petition also presided at the trial, (2) whether multiple affidavits contain nearly identical language, or otherwise appear to have been drafted by the same person, (3) whether the affidavits contain or rely on hearsay, (4) whether the affiants are relatives of the petitioner, or otherwise interested in the success of the petitioner's efforts, and (5) whether the affidavits contradict evidence proffered by the defense at trial. Moreover, a trial court may find sworn testimony in an affidavit to be contradicted by evidence in the record by the same witness, or to be internally inconsistent, thereby weakening the credibility of that testimony." Id. at 285.
In the instant matter, only Appellant submitted an affidavit. The petition was ruled upon by the judge who presided at her trial, and Appellant's affidavit contradicts the record in which she asserts that her plea was voluntary. Accordingly, the trial court did not err in giving little weight to Appellant's affidavit and denying her petition without a hearing. AccordState v. Hill, 2d Dist. No. 2004CA79, 2005-Ohio-3176, at ¶ 11.
Ineffective Assistance of Counsel
 {¶ 11} Appellant alleges that she received ineffective assistance of counsel because her trial counsel failed to intervene when the trial court coerced her plea. Appellant's claim that she received ineffective assistance of counsel is barred by res judicata as well. As discussed supra, Appellant had the opportunity to litigate whether her plea was knowing, voluntary, and intelligent through direct appeal. As Appellant's allegations of ineffective assistance of counsel allege prejudice resulting from her guilty plea, those allegations could have been litigated in a direct appeal. Accordingly, they are not proper grounds to support a petition for post-conviction relief.Perry, 10 Ohio St.2d at paragraph nine of the syllabus.
Sentencing Criteria
 {¶ 12} Appellant asserts that her petition also contains a valid claim that her sentence is contrary to law because the trial court did not properly consider the statutory criteria. Post-conviction relief, however, is only available on constitutional grounds. R.C. 2953.21(A)(1)(a). Appellant does not assert and there is no authority to support the position that the failure by the trial court to consider the statutory criteria before imposing sentence is a constitutional violation. Accordingly, the trial court properly found that Appellant's allegations did not support granting the petition for relief.
Disproportionate Sentence
 {¶ 13} Appellant also argues that she received a disproportionate sentence. In support, Appellant offered evidence of the sentences of similar offenders. This argument, however, is not grounded in a constitutional violation. R.C. 2953.21(A)(5) provides that:
"If the petitioner in a petition filed under division (A) of this section was convicted of or pleaded guilty to a felony, the petition may include a claim that the petitioner was denied the equal protection of the laws in violation of the Ohio Constitution or the United States Constitution because the sentence imposed upon the petitioner for the felony was part of a consistent pattern of disparity in sentencing by the judge who imposed the sentence, with regard to the petitioner's race, gender, ethnic background, or religion."
Appellant, however, does not assert that her sentence violates the equal protection clauses of the Ohio and United States Constitutions. Instead, Appellant provides the details of other crimes, which she subjectively believes were more severe than her crime, and evidence that those offenders received lesser sentences. Absent a constitutional violation, however, Appellant's claim is not cognizable in post-conviction relief. R.C. 2953.21(A)(1)(a).
 {¶ 14} The files and records of the case indicate that Appellant is not entitled to post-conviction relief. Accordingly, the trial court properly denied Appellant's petition without an evidentiary hearing. Appellant's assignments of error are overruled.
 III. {¶ 15} Appellant's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Carr, P.J. Batchelder, J. concur