DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Defendant-Appellant Robert Sadler has appealed from his convictions in the Summit County Court of Common Pleas. This Court affirms.
 I {¶ 2} On May 9, 2006, Appellant was brought to trial on numerous offenses. Appellant's trial included offenses for which he was indicted under Case No. 2006-01-0189 and offenses for which he was indicted under Case No. 2006-03-0912. In the first indictment, Appellant was indicted on the following counts: three counts of domestic violence in violation of R.C. 2919.25(A)/(C); one count of kidnapping in violation of R.C. 2905.01(A)(2)/(A)(3); one count of felonious assault in violation of R.C. 2903.11(A)(1); one count of intimidation of a crime victim in violation of R.C. 2921.04(D); one count of abduction in violation of R.C. 2905.02(A)(2); and, two counts of violating a protection order in violation of R.C. 2919.27. In the second indictment, Appellant was charged with two counts of breaking and entering in violation of R.C. 2911.13.
 {¶ 3} At the conclusion of the trial, the trial court granted Appellant's motion for acquittal on both counts of breaking and entering contained in the second indictment. In addition, the trial court granted Appellant's motion for acquittal on the charges of kidnapping and abduction contained in the first indictment. The remaining counts were submitted to the jury. The jury acquitted Appellant of one charge of domestic violence and of the charges of felonious assault and intimidation of a crime victim. The jury found Appellant guilty of one count of domestic violence and two counts of violating a protection order. The trial court sentenced Appellant to an aggregate term of two years incarceration. Appellant has timely appealed his convictions, raising two assignments of error for review.
 II Assignment of Error Number One "THE TRIAL COURT COMMITTED PLAIN ERROR BY ADMITTING EVIDENCE OF AN UNRELATED THEFT OFFENSE DURING TRIAL ON DOMESTIC VIOLENCE AND VIOLATING A PROTECTION ORDER CHARGES."
 {¶ 4} In his first assignment of error, Appellant has argued that the trial court erred in failing to sever the cases against him. Specifically, Appellant has asserted that the trial court committed plain error by failing to separate the cases against him. We disagree.
 {¶ 5} Pursuant to Crim. R. 52(B) "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." "Notice of plain error `is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.'" State v. Keener, 11th Dist. No 2005-L-182, 2006-Ohio-5650, at ¶ 19, quoting State v. Long (1978),53 Ohio St.2d 91, 97. As such, "[p]lain error exists only where the results of the trial court would have been different without the alleged error."Keener, at ¶ 19.
 {¶ 6} "A defendant * * * under Crim. R. 14 has the burden of affirmatively showing that his rights were prejudiced; he must furnish the trial court with sufficient information so that it can weigh the considerations favoring joinder against the defendant's right to a fair trial[.]" State v. Torres (1981), 66 Ohio St.2d 340, at syllabus. In turn, the State may use two methods to negate a defendant's claims of prejudice.
 "Under the first method, the`other acts' test, the state argues that it could have introduced evidence of the [other] crimes under the`other acts' portion of Evid. R. 404(B), if the * * * offenses had been severed for trial. See Bradley v. United States (C.A.D.C. 1969), 433 F.2d 1113, 1118-1119. Under the second method, the `joinder' test, the state is not required to meet the stricter`other acts' admissibility test, but is merely required to show that evidence of each crime joined at trial is simple and direct. State v. Roberts (1980), 62 Ohio St.2d 170, 175; State v. Torres, supra, at 344. Thus, when simple and direct evidence exists, an accused is not prejudiced by joinder regardless of the nonadmissibility of evidence of these crimes as`other acts' under Evid. R. 404(B). State v. Roberts, supra; State v. Torres, supra; United States v. Catena (C.A.3, 1974), 500 F. 2d 1319, 1325-1326." State v. Lott (1990), 51 Ohio St.3d 160, 163-64.
The parties agree that the "other acts" test is inapplicable to the facts at hand. Upon review, we find that any allegation of prejudice by Appellant has been negated by the State under the "joinder" test.
 {¶ 7} With respect to the charges of breaking and entering, the State presented the following evidence. Appellant formerly worked for Akron Thermal. Akron Thermal had experienced numerous thefts of copper drums. The individual with whom Appellant was staying witnessed several copper drums in his yard. The drums appeared in the yard after Appellant had been let go by Akron Thermal. Finally, Paul Pogozelski testified that he and Appellant drove copper drums to a scrap yard and sold them. Accordingly, the State's case relied upon simple evidence. Specifically, the State relied upon Appellant's knowledge of and access to the copper drums at Akron Thermal and his subsequent possession of similar drums.
 {¶ 8} In addition, the State's case relied upon simple and direct evidence on the numerous counts in the initial indictment. Specifically, the State relied upon the testimony of the victim, T.S, and the stipulations of the parties. The parties stipulated that Appellant and T.S. were married and that a valid civil protection order was in place. In addition, T.S. testified that she was contacted by Appellant in October while at work despite the protection order being in effect. T.S. continued her testimony, describing the details of her encounter with Appellant on February 27, 2006. In her direct examination, T.S. testified as follows:
 "And that day he knocked my teeth through my lip and they came straight through. And he stabbed me with a coat hanger and choked me. * * * [As a result,] I lost consciousness and lost my bladder control."
The State then introduced pictures which documented T.S.' injuries. Finally, the State called a police officer and a DOVE nurse who essentially reiterated that T.S. had given them the same information that was contained in her testimony. While Appellant has asserted that there were minor inconsistencies in the language choice of the witnesses, such inconsistencies do not change the fact that the evidence relied upon by the State was simple and direct.
 {¶ 9} Accordingly, all of the evidence relied upon by the State was simple and direct. The State relied upon straightforward circumstantial evidence in an attempt to meet its burden on the breaking and entering counts. For the remaining counts, the State relied upon the testimony of the victim and the documentary evidence, medical records and photographs of the injuries, which supported her account. Accordingly, the State rebutted any allegation of prejudice from the joinder of the offenses.
 {¶ 10} Furthermore, we note that Appellant was acquitted by the jury of one charge of domestic violence and the charges of felonious assault and intimidation of a crime victim. This verdict further supports a finding that the jury was not confused or influenced by the evidence it heard regarding the breaking and entering counts and Appellant suffered no prejudice from its admission. Accordingly, Appellant has failed to demonstrate that the result of his trial would have been different but for the alleged error. Appellant's first assignment of error lacks merit.
 Assignment of Error Number Two "DEFENSE COUNSEL FAILED TO PROVIDE EFFECTIVE ASSISTANCE OF COUNSEL."
 {¶ 11} In his second assignment of error, Appellant has argued that his trial counsel was ineffective. Specifically, Appellant has asserted that his counsel was ineffective when he failed to move to sever his cases and failed to object to inadmissible hearsay. This Court disagrees.
 {¶ 12} A claim of ineffective assistance of counsel requires Appellant to satisfy a two prong test. First, he must prove that trial counsel's performance was deficient. Strickland v. Washington (1984),466 U.S. 668, 687. Appellant "must show that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed Appellant by the Sixth Amendment." State v. Srock, 9th Dist. No. 22812, 2006-Ohio-251, at ¶ 20, citing Strickland, 466 U.S. at 687. Second, Appellant must "demonstrate that he was prejudiced by his trial counsel's deficient performance." Srock at ¶ 21. Prejudice entails "a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v. Bradley (1989), 42 Ohio St.3d 136, paragraph three of the syllabus. Further, this Court need not analyze both prongs of the Strickland test if we find that Appellant failed to prove either. State v. Ray, 9th Dist. No. 22459, 2005-Ohio-4941, at ¶ 10. Finally, Appellant must overcome the strong presumption that licensed attorneys in Ohio are competent. State v. Smith (1985),17 Ohio St.3d 98, 100.
Joinder
 {¶ 13} Appellant has first argued that his trial counsel was ineffective for failing to object to the joinder of the cases against him. As noted above in response to Appellant's first assignment of error, Appellant suffered no prejudice from the joinder of the cases against him. Accordingly, he can show no prejudice from his trial counsel's failure to object to that joinder.
Hearsay
 {¶ 14} Appellant has also asserted that DOVE nurse Valorie Pruhliere and Akron officer Marvin Murphy gave impermissible hearsay testimony. Appellant has argued that his counsel's failure to object to these statements prejudiced his defense. We disagree.
 {¶ 15} "Testimony that is otherwise inadmissible hearsay, when it is also offered by a witness who is qualified to give the testimony, is considered cumulative and its admission is therefore harmless."State v. Walker, 9th Dist. No. 06CA0006-M, 2006-Ohio-5479, at ¶ 29, citing State v. Riley, 9th Dist. No. 21852, 2004-Ohio-4880, at ¶ 47. Both Officer Murphy and Nurse Pruhliere testified that T.S. gave statements regarding the attack. Both testified that the statements that they received were that Appellant had attacked T.S., struck her in the face numerous times, stabbed her with a coat hanger, and strangled her. This same testimony was elicited from T.S. during her direct examination. It is undisputed that T.S., the victim, was properly qualified to give that testimony. Accordingly, the alleged hearsay testimony was merely cumulative. Our determination that Appellant has not demonstrated prejudice should not be construed as having found the testimony inadmissible. Rather, we have not addressed the issue of error as the issue of prejudice is dispositive.
 {¶ 16} While Appellant asserts that this cumulative testimony gave T.S. more credibility, such a contention is unsupported by the record. During cross-examination of T.S., Appellant elicited no information which contradicted the version of events given by T.S. Furthermore, documentary evidence of T.S.' injuries, including medical records and photographs, which supported her version of events was properly admitted at trial. Finally, while Appellant has asserted that testimony from a nurse and an officer is inherently more credible than the testimony from the victim, the jury is in the best position to judge witness credibility. See State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. Accordingly, as the alleged improperly admitted evidence was cumulative of the victim's credible testimony and the physical evidence admitted at trial, Appellant has failed to demonstrate that its exclusion would have changed the result of his trial.
 {¶ 17} Appellant's second assignment of error, therefore, lacks merit.
 III {¶ 18} Appellant's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27. Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
CARR, J., MOORE, J., CONCUR.