DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, the State of Ohio, has appealed from the judgment of the Summit County Court of Common Pleas which granted Defendant-Appellee Samantha Ruby's motion to withdraw her guilty plea and vacate her conviction. This Court reverses.
 I {¶ 2} On January 12, 2004, Defendant-Appellee Samantha Ruby was indicted on the following counts: one count of aggravated vehicular homicide in violation of R.C. 2903.06; one count of hit-skip in violation of R.C. 4549.02; one count of driving under suspension in violation of R.C. 4507.02; one count of driving under FRA suspension in violation of R.C. 4511.192; one count of failing to stop at a stop sign in violation of R.C. 4511.12; and one count of speeding in violation of R.C. 4511.21. Following discovery, Appellee pled guilty to aggravated vehicular homicide and the remaining charges were dropped. Appellee was then sentenced to seven years incarceration.
 {¶ 3} Following sentencing, Appellee filed two motions to reconsider her sentence. Both motions were denied by the trial court. Appellee then moved to withdraw her plea, arguing that another defendant had received a less harsh sentence. The trial court granted the motion to withdraw, accepted a new guilty plea, and sentenced Appellee to four years incarceration. The State has timely appealed the trial court's order granting Appellee's motion to withdraw her plea, raising one assignment of error for review.
 II Assignment of Error "THE TRIAL COURT COMMITTED ERROR WHEN IT ALLOWED THE DEFENDANT TO VACATE HER CONVICTION EIGHTEEN MONTHS AFTER SENTENCING."
 {¶ 4} In its sole assignment of error, the State has argued that the trial court erred in granting Appellee's motion to withdraw her plea and vacate her sentence. We agree.
 {¶ 5} The State has argued that Appellee's challenge to her sentence is res judicata. The doctrine of res judicata precludes any defense or any claimed lack of due process that was raised or could have beenraised by the defendant at trial, or on an appeal from that judgment. (Emphasis added.) State v. Clemens (May 31, 2000), 9th Dist. No. 19770, at *1, citing State v. Perry (1967), 10 Ohio St.2d 175, paragraph four of the syllabus. That a defendant failed to directly appeal from his conviction and sentence does not prevent the application of the doctrine of res judicata. Clemens, supra at *2, citing State v. Quiles (Jan. 2, 1997), 9th Dist. No. 96CA006312.
 {¶ 6} Appellee has argued that res judicata does not bar her argument because the sentence she relies upon was handed down later in time and could not have been included in the record of her appeal. In essence, Appellee has relied upon the concept that the presentation of competent, relevant, and material evidence outside the record may preclude the application of res judicata. See State v. Lawson (1995),103 Ohio App.3d 307, 315, citing State v. Smith (1985), 17 Ohio St.3d 98, 101, fn. 1. Appellee's argument, however, is less than persuasive.
 {¶ 7} There is no dispute that Appellee could have researched similarly situated offenders prior to her sentencing and placed that information in the record prior to the trial court sentencing her. As such, Appellee would have had the opportunity to litigate the issue of her receiving a disproportionate sentence on direct appeal. Accordingly, as the issue of disproportionate sentencing could have been raised on direct appeal, res judicata bars Appellee from relying upon such a theory to withdraw her plea.
 {¶ 8} Furthermore, we have found no authority for the proposition that Appellee may rely upon future sentences of other offenders in order to avoid the application of res judicata, i.e., there is no authority for Appellee's allegation that her sentence may become disproportionate after it has been imposed. Moreover, permitting Appellee to rely upon later-imposed sentences would only serve to discourage defendants and their counsel from diligently researching similar sentences and presenting that information at the time of sentencing. Accordingly, the trial court erred in granting Appellee's motion.
 {¶ 9} Assuming arguendo that Appellee's motion was not barred by res judicata, her motion was still granted in error. This Court reviews a motion to withdraw a guilty plea under the abuse of discretion standard.State v. Xie (1992), 62 Ohio St.3d 521, 526. An abuse of discretion implies more than a mere error of judgment or law, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621. Unless it is established that the trial court acted unjustly or unfairly, an appellate court cannot find that an abuse of discretion occurred. Xie, 62 Ohio St.3d at 526, quoting Barker v. UnitedStates (C.A.10, 1978), 579 F.2d 1219, 1223.
 {¶ 10} Crim.R. 32.1 allows a defendant to move to withdraw her guilty plea "only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." In a post-sentence motion therefore, the burden of establishing the existence of a manifest injustice is upon the individual seeking to withdraw the plea. State v.Smith (1977), 49 Ohio St.2d 261, paragraph one of the syllabus.
 {¶ 11} A manifest injustice has been defined as a "clear or openly unjust act." State ex rel. Schneider v. Kreiner (1998),83 Ohio St.3d 203, 208. Under the manifest injustice standard, a post-sentence withdrawal motion is allowable only in extraordinary cases.Smith, 49 Ohio St.2d at 264. "Manifest injustice relates to some fundamental flaw in the proceedings which result[s] in a miscarriage of justice or is inconsistent with the demands of due process." State v.Williams, 10th Dist. No. 03AP-1214, 2004-Ohio-6123, at ¶ 5. Furthermore,
 "[b]efore sentencing, the inconvenience to court and prosecution resulting from a change of plea is ordinarily slight as compared with the public interest in protecting the right of the accused to trial by jury. But if a plea of guilty could be retracted with ease after sentence, the accused might be encouraged to plead guilty to test the weight of potential punishment, and withdraw the plea if the sentence were unexpectedly severe." State v. Peterseim (1980), 68 Ohio App.2d 211, 213, quoting Kadwell v. United States (C.A.9, 1963), 315 F.2d 670.
Upon review, we find no fundamental flaw in the proceedings against Appellee. Furthermore, we find nothing in the proceedings below that is inconsistent with the demands of due process.
 {¶ 12} During her plea colloquy, Appellee was informed that she could receive up to eight years in prison. At no time in the proceedings has Appellee contested that she did not understand the implications of her guilty plea. Rather, Appellee's sole argument below was that she received a harsher sentence than a subsequently sentenced and similarly situated defendant. Specifically, Appellee cited to the defendant inState v. Rayl, a defendant who received a five-year sentence following her guilty plea for a similar offense. See State v. Rayl, 9th Dist. No. 22496, 2005-Ohio-4263.
 {¶ 13} This Court has held, however, that "two defendants convicted of the same offense with a similar or identical history of recidivism could properly be sentenced to different terms of imprisonment." State v.Quine, 9th Dist. No. 20968, 2002-Ohio-6987, at ¶ 13. Specifically, we held that:
 "Appell[ee] cannot establish, either at trial or on appeal, that his sentence is contrary to law because of inconsistency by providing the appropriate court with evidence of other cases that show similarly situated offenders have received different sentences than did he. Thus, the only way for Appell[ee] to demonstrate that his sentence was `inconsistent,' that is, contrary to law within the meaning of R.C. 2929.11(B), is if he establishes that the trial court failed to properly consider the factors and guidelines contained in R.C. 2929.12, R.C. 2929.13 and R.C. 2929.14. These sections, along with R.C. 2929.11, create consistency in sentencing." Id.
Simply stated, Ohio's sentencing guidelines are just that, guidelines. Unless specifically stated, they do not require the imposition of a specific sentence. Rather, they require that the trial court consistently consider the same principles and characteristics prior to sentencing. Appellee has not contended that the trial court failed to properly perform those actions in conformance with Revised Code Chapter 29. Accordingly, Appellee has not demonstrated that her sentence was contrary to law.
 {¶ 14} We also note that the record demonstrates that Appellee has not identified a similarly situated defendant. The record does not establish that Appellee has an identical history or committed an identical crime as it relates to the defendant in Rayl. On appeal, Appellee supplemented the record with a presentence investigation. That report reveals a lengthy criminal past, including numerous prior traffic violations. There is nothing in the record to demonstrate that the defendant inRayl had a similar past. Appellee, therefore, cannot rely upon the sentence of a single other individual, one who is arguably distinct for the purposes of sentencing, to support her claim of a manifest injustice.
 {¶ 15} Appellee received the full protection of the law. She was given a full hearing prior to pleading guilty, and she was informed of the maximum penalty she could receive. Furthermore, Appellee was informed of each of the rights she was waiving by pleading guilty. As such, Appellee knowingly, intelligently, and voluntarily pled guilty. Appellee was then sentenced within the range of punishments the trial court described to her prior to the plea. There is no evidence in the record that the trial court failed to consider the factors and guidelines contained in Revised Code Chapter 29. In fact, Appellee complained of no error whatsoever in her proceedings. Rather, she sought and received a more lenient sentence only after another defendant was sentenced on a later date.
 {¶ 16} Such a result is inconsistent with the legislative intent espoused in Revised Code Chapter 29. The legislature has made it clear through its guidelines that the trial court at the time ofsentencing is to impose a sentence that is "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B). The intent of the legislative guidelines is fairness in sentencing. The legislature did not intend to create a revolving door whereby sentences may be challenged in perpetuity under a theory of disproportionality. Moreover, permitting Appellee to withdraw her plea would only encourage others to test the weight of potential punishment and then seek to withdraw their pleas when the penalty is too severe. As there was no error in the proceedings against Appellee, she failed to demonstrate a manifest injustice. Accordingly, the trial court abused its discretion by permitting Appellee to withdraw her plea. The State's sole assignment of error has merit.
 III {¶ 17} The State's sole assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed and the cause remanded for further proceedings consistent with this opinion. Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
SLABY, P. J. CONCURS