DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant-Appellant Theresa O. Brown has appealed from the judgment of the Summit County Court of Common Pleas which denied her motion to withdraw her plea. This Court affirms.
 I {¶ 2} Defendant-Appellant Theresa O. Brown was originally indicted on one count of intimidation of crime victim or witness, in violation of R.C. 2921.04(B), a felony of the third degree; one count of endangering children, in violation of R.C. 2919.22(B)(2), a felony of the third degree; and two counts of endangering children, in violation of R.C.2919.22(A), misdemeanors of the first *Page 2 
degree. Appellant was subsequently indicted on two counts of endangering children, in violation of R.C. 2919.22(B)(2), felonies of the third degree; two counts of endangering children, in violation of R.C.2919.22(A), misdemeanors of the first degree; one count of intimidation of crime victim or witness, in violation of R.C. 2921.04(B), a felony of the third degree; one count of tampering with evidence, in violation of R.C. 2921.12(A)(1), a felony of the third degree; and one count of obstructing justice, in violation of R.C. 2921.32(A)(5), a felony of the third degree. Appellant pled not guilty to all counts.
 {¶ 3} On July 20, 2006, Appellant and her co-defendant son Lamont entered into a plea agreement with the State. According to the plea agreement, Lamont pled guilty to an indictment including three counts of rape, while Appellant retracted her plea of not guilty and pled no contest to two counts of endangering children, in violation of R.C.2919.22(B)(2), felonies of the third degree; two counts of endangering children, in violation of R.C. 2919.22(A), misdemeanors of the first degree; one count of intimidation of crime victim or witness, in violation of R.C. 2921.04(B), a felony of the third degree; one count of tampering with evidence, in violation of R.C. 2921.12(A)(1), a felony of the third degree; and two counts of obstructing justice, in violation of 2921.32(A)(5), felonies of the third degree. The trial court accepted Appellant's plea and found her guilty of all counts. *Page 3 
 {¶ 4} The trial court immediately sentenced Appellant to two years incarceration on the felony counts and six months on the misdemeanor counts, to be served concurrently. The trial court suspended the sentence and placed Appellant on one year community control.
 {¶ 5} On August 3, 2006, Appellant and Lamont filed motions to withdraw their respective pleas. On August 26, 2006 the trial court conducted a hearing on the motions. The trial court granted Lamont's motion to withdraw his plea, finding he had been coerced. The trial court denied Appellant's motion, concluding that no reasonable and legitimate reason existed to permit Appellant to withdraw her plea.
 {¶ 6} Appellant timely appealed, asserting one assignment of error.
 II Assignment of Error "THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S POST-SENTENCE MOTION TO WITHDRAW HER NO CONTEST PLEA."
 {¶ 7} In her sole assignment of error, Appellant has argued that the trial court erred in refusing to allow her to withdraw her no contest plea. Specifically, Appellant has argued that package plea agreements pose a greater danger of coercion and that evidence in the record clearly establishes a reasonable and legitimate basis for withdrawal of Appellant's plea. This Court disagrees. *Page 4 
 {¶ 8} Initially, we note that the plea agreement at issue was a conditional, joint plea agreement. However, this Court has held that joint plea agreements which are conditional on acceptance by co-defendants are not per se unconstitutional despite an increased risk of coercion. State v. Franks (Oct. 7, 1998), 9th Dist. No. 18767, at *3, citing United States v. Pollard (C.A.D.C.1992), 959 F.2d 1011, 1021;United States v. Caro (C.A.9, 1993), 997 F.2d 657, 659; United States v.Wheat (C.A.9, 1987), 813 F.2d 1399, 1405.
 {¶ 9} "The decision to grant or deny a motion to withdraw a guilty plea lies within the sound discretion of the trial court." State v.Atkinson, 9th Dist. No. 05CA0079-M, 2006-Ohio-5806, at ¶ 10, citingState v. Smith (1977), 49 Ohio St.2d 261, 264. The Smith court held:
 "A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." Id. at paragraph two of the syllabus.
"Although Xie clearly dealt with presentence motions to withdraw guilty pleas, the holdings in Xie may also be applied in situations involving pleas of no contest." State v. Spivey (1998), 81 Ohio St.3d 405, 415. Thus, a trial court's decision to deny a motion to withdraw a plea of no contest will not be disturbed absent an abuse of discretion. Id. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. An abuse of discretion demonstrates "perversity of will, passion, prejudice, partiality, or moral *Page 5 
delinquency." Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619,621. When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. Id.
 {¶ 10} This Court has held that:
 "A trial court does not abuse its discretion in denying a motion to withdraw a plea where three elements are met. First, the defendant must have been represented by competent counsel; second the court must provide the defendant a full hearing prior to accepting the original guilty plea; and, finally, the court must provide a full hearing to the defendant, considering all the arguments in favor of withdrawal of his plea, before rendering a decision on the motion." (Internal citations omitted). State v. Carswell, 9th Dist. No. 23119, 2006-Ohio-5210, at ¶ 9.
 {¶ 11} According to Crim.R. 32.1 a defendant may move to withdraw her plea "only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Therefore, in a post-sentence motion, "the burden of establishing the existence of a manifest injustice is upon the individual seeking to withdraw the plea." State v. Ruby, 9th Dist. No. 23219, 2007-Ohio-244, at ¶ 10, citing Smith, 49 Ohio St.2d at paragraph one of the syllabus.
 {¶ 12} A manifest injustice has been defined as a "clear or openly unjust act." State ex rel. Schneider v. Kreiner (1998),83 Ohio St.3d 203, 208. Under the manifest injustice standard, a post-sentence withdrawal motion is allowable only *Page 6 
in extraordinary cases. Smith, 49 Ohio St.2d at 264. "`Manifest injustice relates to some fundamental flaw in the proceedings which result[s] in a miscarriage of justice or is inconsistent with the demands of due process.'" Ruby at ¶ 11, quoting State v. Williams, 10th Dist. No. 03AP-1214, 2004-Ohio-6123, at ¶ 5.
 {¶ 13} Initially, this Court will address the Carswell factors discussed above. First, despite Appellant's bare assertions, there is no evidence in the record that her counsel was incompetent. A strong presumption exists in Ohio that licensed attorneys are competent and Appellant has not rebutted that presumption. See State v. Sadler, 9th Dist. No. 23256, 2006-Ohio-6910, at ¶ 12, citing State v. Smith (1985),17 Ohio St.3d 98, 100. Second, the trial court provided Appellant with a full hearing prior to taking her no contest plea at which the court took great pains to ensure that Appellant was making a knowing, intelligent and voluntary plea. Specifically, Appellant was given an opportunity to be heard and she informed the court that she was satisfied with her counsel's representation and had not been coerced into taking the plea. Third, Appellant was afforded a full hearing on her motion to withdraw the no contest plea. The record indicates that during this hearing, the trial court again took significant testimony, patiently listened to Appellant's assertions, and carefully considered the arguments.
 {¶ 14} Finally, this Court will address Appellant's specific arguments on appeal, which correlate to the arguments she made before the trial court. Appellant's arguments primarily hinge on coercion and a misunderstanding of the *Page 7 
nature of no-contest pleas. Regarding her misunderstanding, Appellant's counsel, Attorney Sipplen testified that he told Appellant a no contest plea is not an admission of guilt, but that the court would still be required to find and make a technical finding of guilt. He openly admitted that he struggled to make Appellant comprehend the technicalities of a no contest plea. He testified that he attempted to present it to her in the context of whether or not she would have to serve time. The record also establishes that the trial court explained to Appellant the ramifications of pleading no contest and asked Appellant if she understood. Appellant stated she did.
 {¶ 15} Regarding Appellant's most developed argument, Appellant has asserted that she felt coerced by her attorney and the trial court. She testified that her attorney told her she was being selfish and to take the plea for her son's benefit. She testified that her attorney told her that pleading no contest meant "you didn't do it." Further, Appellant testified that the trial court coerced her by not making rulings favorable to her and by not letting her tell her side of the story. Appellant's reasons are unreasonable.
 {¶ 16} With regard to coercion by her attorneys, Attorney Sipplen testified that he evaluated the evidence and simply advised Appellant that he believed her best course of action would be to accept the plea. He also testified that he removed himself from the discussion so she could consult privately with her family. Attorney Sipplen pointed out, and the trial court corroborated, that he had *Page 8 
presented Appellant with a vigorous defense, to the point of being chastised by the court for overaggressive questioning of the State's witnesses.
 {¶ 17} Lamont's attorney, Annette Powers, reiterated most of what Appellant's counsel had stated. She affirmed that there was no coercion and that both attorneys had zealously represented their clients and taken extra time to meticulously explain things to their clients, including sacrificing weekends and holidays to meet with Appellant and LaMont.
 {¶ 18} With regard to Appellant's assertions that the trial court coerced her, this Court notes that the record firmly establishes that the trial court gave Appellant a complete and thorough hearing on her motion to withdraw. The court was patient, contemplative, and exhaustive in its analysis. Appellant felt that the trial court was coercive in making unfavorable rulings. However, making rulings is the duty of the trial court and whether they are favorable to a defendant or not bears absolutely no relation to whether said defendant feels coerced to plead. Additionally, Appellant has argued that the trial court was coercive because the jury never got to hear her side of the story. However, Appellant pled no contest in the middle of the trial which terminated the proceedings and precluded her from putting on her case. Yet, when given an opportunity to present her story at the plea hearing, Appellant testified that she had not been coerced.
 {¶ 19} The trial court correctly found that coercion was not present in the instant matter. The trial court relied heavily on Lamont's emotional state during *Page 9 
plea negotiations, at which he sobbed uncontrollably and reiterated that he had to protect his mother. The trial court made no such observations concerning Appellant. Further, Appellant was the primary beneficiary of the plea, and thus had much more personal incentive to accept the plea than did LaMont. Finally, Appellant's testimony at the withdrawal hearing indicated that she primarily felt that the system had wronged her and that she regretted not being able to tell a jury her side of the story.
 {¶ 20} Appellant bore the burden of establishing a manifest injustice.Ruby at ¶ 10. Appellant's bare assertions of coercion are self-serving and insufficient to show manifest injustice. See State v. Brown, 167 Ohio App.3d 239, 2006-Ohio-3266, at ¶ 13. As stated above, the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by the trial court. This Court concludes that the trial court did so in a fair and thoughtful manner. Accordingly, based upon the record before us, this Court cannot conclude that the trial court abused its discretion when it found that Appellant had not suffered a manifest injustice by pleading no contest.
 {¶ 21} Based on the foregoing, Appellant's sole assignment of error lacks merit.
 III {¶ 22} Appellant's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed. *Page 10 
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
BETH WHITMORE
FOR THE COURT
SLABY, P. J.
CARR, J.
 CONCUR *Page 1