DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Jeffery Griffin ("Griffin"), appeals the judgment of the Summit County Court of Common Pleas, which denied his motion to withdraw his guilty plea. This Court affirms.
 I. {¶ 2} Griffin was indicted on November 17, 2006, on nine counts. On November 22, 2006, Griffin was arraigned and the trial court entered a technical plea of not guilty because Griffin stood mute during the arraignment. On December 29, 2006, a supplemental indictment was filed setting forth two additional counts. On January 2, 2007, Griffin was arraigned on the two additional counts and pleaded not guilty to both counts.
 {¶ 3} On January 3, 2007, pursuant to a plea agreement, Griffin withdrew his not guilty plea for Counts 2 and 5 and pleaded guilty to Count 2, aggravated robbery in violation of R.C. 2911.01(A)(1), and Count 5, failure to comply with order or signal of police officer in violation *Page 2 
of R.C. 2921.331(B). Count 2 carried with it a repeat violent offender specification in violation of R.C. 2941.149 which had been merged into Count 2, and a firearm specification in violation of R.C. 2941.145.
 {¶ 4} Griffin was sentenced to a mandatory 3-year sentence for the firearm specification; to a mandatory one-year sentence for the repeat violent offender specification; to a mandatory 10-year sentence for aggravated robbery; and to a mandatory 1-year sentence for failure to comply with order or signal of a police officer. Furthermore, the court ordered that the 3-year mandatory sentence for the firearm specification, and the 1-year mandatory term for the violent offender specification be served consecutively with each other and consecutively with the sentence imposed for Count 2. Finally, the court ordered that the sentence imposed in Count 2 be served concurrently with the sentence imposed in Count 5. Griffin did not appeal.
 {¶ 5} On October 30, 2007, Griffin filed a motion to withdraw his guilty plea. On January 15, 2008, Griffin filed a petition for post conviction relief. On January 25, 2008, the trial court denied Griffin's petition for post conviction relief. On February 15, 2008, the trial court denied Griffin's motion to withdraw his guilty plea. Griffin failed to timely appeal, but filed a motion for delayed appeal on April 24, 2008. On May 2, 2008, this Court granted Griffin's motion for delayed appeal. This Court consolidates some of Griffin's assignments of error and rearranges others to facilitate review.
 II. ASSIGNMENT OF ERROR I "[GRIFFIN] WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL, WHEN COUNSEL FAILED TO ADVISE [HIM] OF THE MAXIMUM SENTENCE HE WAS FACING[,] THEREBY VIOLATING HIS RIGHTS UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION." *Page 3 
 ASSIGNMENT OF ERROR II "[GRIFFIN] DID NOT ENTER HIS PLEA KNOWINGLY, INTELLIGENTLY OR VOLUNTARILY, DUE TO THE TRIAL COURT'S FAILURE TO INFORM HIM OF THE MAXIMUM SENTENCE AND MANDATORY GUIDELINES ASSOCIATED WITH FINDING THAT THE HE [sic] WAS A REPEAT VIOLENT OFFENDER UNDER R.C. 2941.149, THUS VIOLATING THE HIS [sic] RIGHTS UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION."
 ASSIGNMENT OF ERROR III "THE TRIAL COURT ERRED AND ABUSED IT'S [sic] DISCRETION WHEN IT DENIED [GRIFFIN'S] MOTION TO WITHDRAW HIS GUILTY PLEA, BASED UPON THE FOREGOING ASSIGNMENTS OF ERROR THEREBY DENYING HIS DUE PROCESS RIGHTS UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION."
 ASSIGNMENT OF ERROR IV "[GRIFFIN] WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL WHEN COUNSEL FAILED TO OBJECT TO THE TRIAL COURT'S FINDING THAT THE HE [sic] WAS A REPEAT VIOLENT OFFENDER IN VIOLATION OF THE HIS [sic] RIGHTS UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION."
 ASSIGNMENT OF ERROR V "[GRIFFIN'S] GUILTY PLEA WAS NOT MADE KNOWINGLY, INTELLIGENTLY, OR VOLUNTARILY, BUT IN FACT, [WAS] INDUCED BY THE PROSECUTOR'S PROMISE TO RECOMMEND CONCURRENT SENTENCES ALTHOUGH THE STATUTE [UNDER] WHICH [GRIFFIN] WAS SENTENCED SPECIFICALLY PROVIDES FOR CONSECUTIVE SENTENCES. SEE, R.C. 2921.331. THIS INDUCEMENT VIOLATED [GRIFFIN'S] RIGHTS UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION."
 ASSIGNMENT OF ERROR VI "THE TRIAL COURT ERRED IN CONVICTION AND ACCEPTING [GRIFFIN'S] GUILTY PLEA, BASED UPON [THE] CONSTITUTIONALLY DEFECTIVE INDICTMENT THAT FAILED TO STATE A NECESSARY *Page 4 
ELEMENT OF THE OFFENSES, AND TO ENSURE THAT [GRIFFIN] UNDERSTOOD THE NATURE OR THE CHARGES [,] THEREBY VIOLATION CRIM.R.11, AND [GRIFFIN'S] U.S. CONST., 6TH AND 14TH AMENDS., RIGHTS ALSO OHIO CONSTITUTION'S ART., I SECTIONS § 10 AND 16." [sic]
 {¶ 6} Griffin sets forth multiple arguments alleging trial court error. However, all of his arguments are without merit because they are either barred by res judicata or because Griffin failed to fulfill his burden of showing a manifest injustice to withdraw his guilty plea.
 {¶ 7} This Court has held that "[u]nder the doctrine of res judicata, any issue that was or should have been litigated in a prior action between the parties may not be relitigated." State v. Meek, 9th Dist. No. 03CA008315, 2004-Ohio-1981, at ¶ 9, citing State v. McMinn (June 16, 1999), 9th Dist. No. 2927-M. Furthermore, "[t]his Court has applied the doctrine of res judicata to post-sentence motions to withdraw a guilty plea." State v. Whatley, 9th Dist. No. 24231, 2008-Ohio-6128, at ¶ 9.
 {¶ 8} Here, Griffin sets forth an ineffective assistance of counsel argument alleging that trial counsel failed to object to the trial court's finding that he was a repeat violent offender, an argument averring that his plea was not made knowingly, intelligently or voluntarily because the trial court did not inform him of the maximum sentence he was facing, and one claim alleging trial court error in the acceptance of his guilty plea which he claims was based on a constitutionally defective indictment, all of which could have been raised by timely direct appeal. However, Griffin failed to file a timely appeal after he was sentenced. Therefore, in regard to the claims above found in assignments of error II, IV and VI, he is now barred from raising these issues on appeal from the denial of his motion to withdraw his plea. Accordingly, Griffin's second, fourth and sixth assignments of error are overruled. *Page 5 
 {¶ 9} Griffin also argues that the trial court abused its discretion in denying his motion to withdraw his guilty plea. This Court disagrees.
 {¶ 10} Crim. R. 32.1 provides:
 "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
This Court has recognized that "manifest injustice has been defined as a `clear or openly unjust act.' State ex rel. Schneider v. Kreiner (1998),83 Ohio St.3d 203, 208." State v. Brown, 9th Dist. No. 23455,2007-Ohio-2885, at ¶ 12. "`Manifest injustice relates to some fundamental flaw in the proceedings which result[s] in a miscarriage of justice or is inconsistent with the demands of due process'" State v.Ruby, 9th Dist. No. 23219, 2007-Ohio-244, at ¶ 11, quoting State v.Williams, 10th Dist. No. 03AP-1214, 2004-Ohio-6123, at ¶ 5. Furthermore, "a postsentence withdrawal motion is allowable only in extraordinary cases[,]" State v. Brown, 167 Ohio App.3d 239, 2006-Ohio-3266, at¶ 5, citing State v. Smith (1977), 49 Ohio St.2d 261, 264, and the burden is on the individual seeking withdrawal of his plea to establish the existence of manifest injustice. Ruby at ¶ 10, citingSmith, 49 Ohio St.2d at paragraph one of the syllabus.
 {¶ 11} "The decision to grant or deny a motion to withdraw a guilty plea lies within the sound discretion of the trial court." State v.Atkinson, 9th Dist. No. 05CA0079-M, 2006-Ohio-5806, at ¶ 10, citingSmith, 49 Ohio St.2d at 264. Thus, this Court reviews a motion to withdraw a guilty plea under the abuse of discretion standard.Ruby at ¶ 9. An abuse of discretion is not merely an error of law or judgment, but means that the trial court's attitude was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. An abuse of discretion shows "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med.Bd. (1993), 66 Ohio St.3d 619, 621. *Page 6 
 {¶ 12} In the case before this Court, Griffin argues that the trial court abused its discretion in denying his motion to withdraw his guilty plea because he did not enter his plea knowingly and was not informed by his attorney of the maximum penalty associated with his offenses. However, after a review of the trial court record, this Court finds that the trial court did not abuse its discretion in finding Griffin failed to meet his burden of showing a manifest injustice.
 {¶ 13} Griffin's claim that he was denied effective assistance of counsel because his counsel failed to inform him of the maximum penalty is without merit. The only support Griffin provides for this argument is an affidavit from his mother which does not allege that he was not aware of the maximum sentence, but only that he was not aware of which portions of his sentence would be mandatory. In any event, Griffin was fully apprised of the maximum sentence he was facing by the trial court prior to entering his plea, and, therefore, it cannot be said that any manifest injustice occurred. Accordingly, his first assignment of error is overruled.
 {¶ 14} Furthermore, Griffin's argument that his plea was not knowing, intelligent or voluntary because he was induced by the allegedly unfulfilled promise of the prosecutor is also without merit. He asserts that the prosecutor promised he would serve his sentence for Count 5 concurrently with his other sentences. Griffin did in fact receive a 1-year sentence for his conviction for failure to comply which was to be served concurrently with another part of his sentence. Therefore, Griffin cannot allege that he was misled by the promise of the prosecutor, because the promise was carried out by the court and he received the benefit of the promise. Griffin's fifth assignment of error is overruled.
 {¶ 15} Here, it cannot be said that the trial court's decision was unreasonable, arbitrary or unconscionable, or that its actions exhibited "perversity of will, passion, prejudice, partiality, *Page 7 
or moral delinquency." Pons, 66 Ohio St.3d at 621. Therefore, the trial court did not abuse its discretion in denying Griffin's motion for withdrawal of his guilty plea. Accordingly, Griffin's third assignment of error is overruled.
 III. {¶ 16} Griffin's six assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
SLABY, P. J. MOORE, J. CONCUR *Page 1