[Cite as *State v. Coley-Carr*, 2014-Ohio-5556.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 101611**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**REZATA COLEY-CARR**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-572866-A

**BEFORE:** McCormack, J., Jones, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** December 18, 2014

**FOR APPELLANT**

Rezata Coley-Carr, pro se
Inmate No. A-643630
Belmont Correctional Institution
P.O. Box 540
Saint Clairsville, OH 43950


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Kevin R. Filiatraut
Assistant County Prosecutor
9th Floor, Justice Center
1200 Ontario Street
Cleveland, OH   44113

TIM McCORMACK, J.:

{¶1} Defendant-appellant, Rezata Coley-Carr, appeals from a judgment of the trial court denying his postsentence motion to withdraw his guilty plea. Finding no merit to the appeal, we affirm the trial court's judgment.

{¶2} A grand jury returned a nine-count indictment against appellant for rape, with a sexually violent predator specification, two counts of kidnapping, with sexual motivation and sexually violent predator specifications, aggravated burglary, attempted felonious assault, tampering with evidence, attempted burglary, aggravated menacing, and menacing by stalking.

{¶3} Appellant pleaded not guilty. On June 24, 2013, the day of trial, appellant withdrew his plea of not guilty and pleaded guilty under a plea agreement. He pleaded guilty to rape, with the deletion of the sexually violent predator specification, in exchange for the nolling of all remaining counts. The transcript of the plea hearing is not in the record, but a review of the court's journal entry indicates that appellant was represented by counsel and was fully advised in open court of his constitutional rights. After accepting his plea, the trial court ordered a presentence report and scheduled the sentencing for August 5, 2013.

{¶4} Within a week of his guilty plea, appellant filed a pro se motion to withdraw his guilty plea. In the motion, he claimed he did not understand the nature of the charge, the effect of the plea, or his rights as a criminal defendant.

{¶5} On August 6, 2013, the trial court held the sentencing hearing as scheduled. The transcript of the sentencing proceeding is not part of the record either. A review of the sentencing entry reflects that appellant was represented by counsel, he personally addressed the court, and the trial court considered all required factors before sentencing him to ten years in prison for his offense of rape. The court also imposed five years of postrelease control and found him to be a tier III sex offender. The journal entry made no mention of the motion to withdraw.[1]

{¶6} Appellant did not file a direct appeal of his conviction. Five months later, he filed a series of pro se motions: on March, 6, 2014, he filed three motions, captioned as "Petition to vacate or set aside judgment of conviction or sentence," "Motion for expert assistance," and "Motion for appointment of counsel." On March 12, 2014, the court granted his motion for counsel and assigned counsel to represent him.

{¶7} Despite being represented by counsel, on April 4, 2014, appellant filed another pro se motion. The introductory paragraph of the uncaptioned motion stated, incongruously, the following: "Defendant files that the current sentence of ten years is a case of diligent prosecution and effective counsel presenting hearsay evidence as the evidence of fact and supported by the law as to Civ. Proc. 16(6) and

---

[1]When the record indicates that the trial court never ruled on a motion, the motion is deemed denied. *State v. Ogle*, 2012-Ohio-3693, 975 N.E.2d 563 (8th Dist.), ¶ 15.

contention that the diligent prosecutor and effective counsel had sufficient evidence to negotiate a plea of first degree felony for 2907.02 for the maximum sentence, filed."

{¶8} The instant matter began when on May 21, 2014, appellant, through his appointed counsel, filed a "Motion for leave to withdraw guilty plea and alternative petition for post-conviction relief pursuant to 2953.21." Appellant argued he should be permitted to withdraw his guilty plea because he thought he was pleading guilty to a reduced charge of sexual battery. He also claimed that, after his guilty plea and before sentencing, he told his counsel that he wanted to withdraw his plea, but his counsel failed to notify the prosecution. Although the brief attached to the motion referenced a sworn affidavit by appellant, the record does not contain such an affidavit.

{¶9} The trial court denied the motion. Appellant appealed pro se from that judgment. In his brief, he argues something different from his motion before the trial court. He argues he was innocent of rape because the victim had agreed to engage in sex with him for money. He claims he is only guilty of prostitution.

{¶10} Under Crim.R. 32.1, "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest

injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Whether the motion is filed before or after the sentence, it is "addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph two of the syllabus.

{¶11} The instant motion is styled as a "motion for leave to withdraw guilty plea and alternative petition for post-conviction relief." Whether we construe it as a postsentence motion to withdraw a guilty plea or a postconviction petition, the doctrine of res judicata bars appellant's claim. *See State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus (in a postconviction proceeding, res judicata bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal); *State v. Bryukhanova*, 6th Dist. Fulton No. F-10-002, 2010-Ohio-5504, ¶ 12 (courts repeatedly applied the doctrine of res judicata to postconviction Crim.R. 32.1 motions).

{¶12} Appellant could have raised the claims regarding his guilty plea on direct appeal. Therefore, his claim is now barred by res judicata.

{¶13} Even if we were to review his motion to withdraw the guilty plea, under the standard of Crim.R. 32.1, we would find no manifest injustice to be

corrected by the trial court. "Manifest injustice relates to some fundamental flaw in the proceedings which result[s] in a miscarriage of justice or is inconsistent with the demands of due process." *State v. Ruby*, 9th Dist. Summit No. 23219, 2007-Ohio-244, ¶ 11. "Under the manifest injustice standard, a postsentence withdrawal motion is allowable only in extraordinary cases." *State v. Montgomery*, 2013-Ohio-4193, 997 N.E.2d 579, ¶ 61 (8th Dist.), citing *State v. Smith*, 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1977).

{¶14} Here, appellant pleaded guilty when a jury trial was imminent. After the imminence of a trial was passed, he sought to withdraw his plea, claiming his plea was not knowing or intelligent. However, he apparently did not raise the issue at the subsequent sentencing hearing, because the sentencing entry recited the fact that appellant pleaded guilty to rape. The sentencing entry also reflected that appellant was represented by counsel and personally addressed the trial court. As the sentencing transcript is not part of the record, we presume regularity of the proceeding. Notably, appellant did not file a direct appeal of his conviction. In the instant postconviction proceeding, appellant presented no credible evidence, other than a purported self-serving affidavit, that he was mistaken at the plea hearing about the charge he pleaded to.

**{¶15}** Under these circumstances, appellant fails to demonstrate manifest injustice to be correct by the trial court.   The trial court did not abuse its discretion in denying appellant's motion to withdraw his guilty plea.

**{¶16}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
TIM McCORMACK, JUDGE

LARRY A. JONES, SR., P.J., and
SEAN C. GALLAGHER, J., CONCUR