[Cite as *State v. Castile*, 2015-Ohio-5121.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 15AP-103 |
| v. | : | (C.P.C. No. 11CR-3857) |
| Isaac J. Castile, III, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on December 10, 2015

*Ron O'Brien,* Prosecuting Attorney, and *Michael P. Walton,* for appellee.

*Carpenter Lipps & Leland LLP, Kort Gatterdam,* and *Erik P. Henry,* for appellant.

APPEAL from the Franklin County Court of Common Pleas

HORTON, J.

{¶ 1} Defendant-appellant, Isaac J. Castile, III, appeals from a judgment entry of the Franklin County Court of Common Pleas, resentencing defendant to a total prison term of thirteen and one-half years. Because the trial court erred by sentencing defendant on certain felonies of the third degree, we reverse and remand the matter to the trial court for resentencing.

I. FACTS AND PROCEDURAL HISTORY

{¶ 2} The facts of this case were sufficiently stated in our prior decision in *State v. Castile*, 10th Dist. No. 13AP-10, 2014-Ohio-1918 (*Castile I*), as follows:

> On July 21, 2011, a Franklin County Grand Jury indicted appellant with three counts of securities fraud, in violation of R.C. 1707.44(G), three counts of false representations in the

sale of securities, in violation of R.C. 1707.44(B)(4), three counts of the sale of unregistered securities, in violation of R.C. 1707.44(C)(1), and three counts of theft, in violation of R.C. 2913.02. The charges arose out of different transactions in which appellant accepted money from three Ohio citizens: John Prater, Jennette Stevens, and Raymond Smith pursuant to offerings from the Metropolitan Enhancement Treasure-Backed Investements, Ltd. ("METBI"). Appellant was one of the managers of METBI. Appellant entered a not guilty plea to the charges and proceeded to a jury trial.

At trial, Harvey McCleskey, Enforcement Attorney for the Ohio Division of Securities ("the division"), testified about his investigation of appellant. The division's investigation of appellant began in late 2006 or early 2007 after it received complaints from out-of-state investors. McCleskey learned of Prater, Stevens, and Smith during the investigation. Specifically, Stevens invested $6,000 with appellant in 2006 and received a 10 percent Convertible Subordinated Debenture from METBI, which is a security that entitled her to receive her principal plus interest at the end of the stated term. Prater initially invested $250,000 with appellant for a similar debenture in 2005 and rolled that investment over for another year in 2006. Smith invested $5,000 in another similar investment in 2008.

A Private Placement Memorandum ("PPM") that went along with the debentures contained details about the investment. The PPM provided that 100 percent of the proceeds available after expenses of the offering would be used to purchase treasury bills which would then be used to acquire bank guarantees. Those guarantees would be swapped in a repurchase agreement for fixed rate commercial notes. The PPM also warned investors that the securities were speculative and involved a high degree of risk. McCleskey obtained bank records from appellant and METBI and looked for purchases of treasury bills in accordance with the PPM. McCleskey could not find any evidence that appellant purchased treasury bills with money he received from Prater, Stevens, and Smith. Upon his review of the financial records, McCleskey concluded that appellant was collecting money from investors and using that money to pay off other investors as well as his own personal expenses in what McCleskey termed a Ponzi scheme. (Tr. 113-14.)

Each of the three victims testified about making what they thought were investments with appellant. Although Stevens

did receive a small portion of her investment back, neither Prater nor Smith received any of their investments back.

The jury found appellant guilty of all counts except one of the theft counts. The trial court sentenced appellant accordingly.

*Castile I* at ¶ 2-6.

{¶ 3} The trial court's original sentence imposed both consecutive and concurrent prison terms, for a total term of imprisonment of thirteen and one-half years. In *Castile I*, this court concluded that the trial court failed to make the necessary R.C. 2929.14(C)(4) findings before imposing consecutive sentences. *Id.* at ¶ 27. As such, we remanded the case for resentencing.

{¶ 4} The trial court held a resentencing hearing on December 15, 2014. The court gave defendant a chance to speak, and defendant stated his belief that he was "innocent of the charges." (Dec. 15, 2014 Tr., 5.) The court reviewed R.C. 2929.14(C)(4), and stated the statutory reasons in support of consecutive sentences. The court noted that one of the victims was "a disabled vet," and further noted that, despite defendant's contentions, "the jury did find him guilty of the circumstances after hearing the witnesses." (Dec. 15, 2014 Tr., 19.) The court found consecutive sentences appropriate, to "really reflect the true damage [defendant] caused the public in his economic ventures." (Dec. 15, 2014 Tr., 19.) The court resentenced defendant to a total prison term of thirteen and one-half years.

## II. ASSIGNMENTS OF ERROR

{¶ 5} Defendant appeals, assigning the following errors for our review:

[I.] THE TRIAL COURT ERRED CONTRARY TO APPELLANT'S DUE PROCESS RIGHTS IN SENTENCING APPELLANT TO FELONIES OF THE THIRD DEGREE AS TO COUNTS NINE THROUGH TWELVE BECAUSE THE GENERAL ASSEMBLY INTENDED COUNTS NINE THROUGH ELEVEN TO BE CATAGORIZED AS FELONIES OF THE FOURTH DEGREE AND COUNT TWELVE TO BE CATEGORIZED AS A FELONY OF THE FIFTH DEGREE.

[II.] THE TRIAL COURT ERRED IN IMPOSING CONSECUTIVE SENTENCES WITHOUT MAKING THE REQUIRED FINDINGS PURSUANT TO R.C. 2929.14(C)(4) DEPRIVING APPELLANT OF DUE PROCESS CONTRARY TO THE FOURTEENTH AMENDMENT TO THE UNITED

STATES CONSTITUTION AND CORRESPONDING RIGHTS UNDER THE OHIO CONSTITUTION.

[III.] THE TRIAL COURT'S SENTENCE WAS CLEARLY AND CONVINCINGLY CONTRARY TO LAW AND NOT SUPPORTED BY THE RECORD, AND CONSTITUTED AN ABUSE OF DISCRETION DEPRIVING APPELLANT OF DUE PROCESS CONTRARY TO THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND CORRESPONDING RIGHTS UNDER THE OHIO CONSTITUTION.

[IV.] APPELLANT WAS DEPRIVED OF THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL IN VIOLATION OF APPELLANT'S RIGHTS UNDER THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND SECTION 10 AND 16, ARTICLE I OF THE OHIO CONSTITUTION.

## III. FIRST ASSIGNMENT OF ERROR – FELONY CLASSIFICATION

{¶ 6} In his first assignment of error, defendant asserts that the trial court erred by imposing a sentence on certain felonies of the third degree. The December 18, 2014 resentencing judgment entry reflects that that jury found defendant guilty of eleven of the twelve charges listed in the indictment. Pertinent to the instant issue, the jury found defendant guilty of securities fraud in Count 9, a violation of R.C. 1707.44(G); of false representation in the sale of securities in Count 10, a violation of R.C. 1707.44(B)(4); of the sale of unregistered securities in Count 11, a violation of R.C. 1707.44(C)(1); and of theft in Count 12, a violation of R.C. 2913.02. The court noted in the resentencing entry that Counts 10 and 12 merged with Count 9 for purposes of sentencing. The court accordingly sentenced defendant on Counts 9 and 11, imposing a sentence of 18 months on each count. Both the original sentencing entry and the resentencing entry reflect that Counts 9 through 12 were all felonies of the third degree.

{¶ 7} Because a defendant "is not 'convicted' for purposes of R.C. 2941.25(A) until the sentence is imposed," we confine our analysis under this assignment of error to the convictions in Counts 9 and 11, for violations of R.C. 1707.44(G) and R.C. 1707.44(C)(1). *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, ¶ 24. Effective September 30, 2011, Am.Sub.H.B. No. 86 amended R.C. 1707.99 and reclassified the applicable degrees of

felonies for violations of R.C. 1707.44. The previous version of the law stated that, if the value of the funds or securities involved in any violation of R.C. 1707.44 was between $5,000 and $25,000, the offender was guilty of a felony of the third degree. Following the Am.Sub.H.B. No. 86 amendments, if the value of the funds or securities involved in a violation of R.C. 1707.44 is between $1,000 and $7,500, the offender is guilty of a felony of the fourth degree. R.C. 1707.99(B). If the value of the funds or securities involved in such an offense is between $7,500 and $37,500, the offender is guilty of a felony of the third degree. R.C. 1707.99(C).

{¶ 8} In their verdict finding defendant guilty on Count 11, the jurors found that the value of the funds or the securities involved in the offense was between $1,000 and $7,500. (R. 100.) Similarly, in their verdict on Count 9, the jurors found that the value of the funds or the securities involved in the offense was between $1,000 and $7,500. (R. 98.) Thus, R.C. 1707.99(B) instructs that Counts 9 and 11 were both felonies of the fourth degree. Although defendant committed the conduct under each count prior to the September 30, 2011 effective date of Am.Sub.H.B. No. 86, he was sentenced after that date. As such, the trial court had to sentence defendant pursuant to the amended version of the statute. *See State v. Taylor*, 138 Ohio St.3d 194, 2014-Ohio-460, ¶ 1-4 (concluding that a defendant must benefit from the decrease in a classification and penalty of an offense enacted by the General Assembly, if the newly enacted statute becomes effective before the defendant is sentenced); R.C. 1.58(B); *State v. Gillespie*, 5th Dist. No. 2012-CA-6, 2012-Ohio-3485 (finding error as the trial court convicted the defendant of a fifth degree felony, and Am.Sub.H.B. No. 86 had reclassified the offense to a first degree misdemeanor).

{¶ 9} Thus, on Counts 9 and 11, defendant was convicted of a higher classification of felony than the law permits. As such, defendant asserts that this matter should "be remanded to the trial court for resentencing" and, notably, the state "concedes error" on this issue. (Appellant's Brief, 12; Appellee's Brief, 2.) Accordingly, we must remand the matter to the trial court for resentencing. *See State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, ¶ 20 (noting that "sentences that do not comport with mandatory provisions are subject to total resentencing"). Based on the foregoing, defendant's first assignment of error is sustained.

{¶ 10} Defendant's remaining assignments of error all concern some aspect of his sentence. Defendant argues that the court did not make the necessary R.C. 2929.14(C)(4) findings, that his sentence is clearly and convincingly contrary to law, and that his attorney rendered constitutionally ineffective assistance by failing to object to the trial court's sentence on Counts 9 and 11. Thus, as the remaining assignments of error all relate to the sentence, our resolution of defendant's first assignment of error renders the remaining assignments of error moot. *See State v. Montgomery*, 10th Dist. No. 13AP-512, 2014-Ohio-4354, ¶ 67 (noting that, as the case was being "remand[ed] for resentencing, appellant's remaining argument challenging his * * * sentence [was] moot"). We do note however, that the trial court's findings in support of consecutive sentences must also be stated in the court's judgment entry. *See State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 37 (noting that "[i]n order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry").

## IV. DISPOSITION

{¶ 11} Having sustained defendant's first assignment of error, thereby rendering defendant's second, third, and fourth assignments of error moot, we reverse the judgment of the Franklin County Court of Common Pleas and remand the case for resentencing.

*Judgment reversed; case remanded.*

BROWN, P.J. and SADLER, J., concur.

————————————————