[Cite as *State v. Jenkins*, 2016-Ohio-5533.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 16AP-105 |
| v. | : | (C.P.C. No. 06CR-1874) |
| Steven A. Jenkins, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

---

D E C I S I O N

Rendered on August 25, 2016

---

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Barbara A. Farnbacher*, for appellee.

**On brief:** *Steven A. Jenkins*, pro se.

---

APPEAL from the Franklin County Court of Common Pleas

SADLER, J.

{¶ 1} Defendant-appellant, Steven A. Jenkins, appeals from a judgment of the Franklin County Court of Common Pleas denying his "motion to vacate void sentence and set aside unconstitutional plea." For the reasons that follow, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On March 13, 2002, a Franklin County Grand Jury indicted appellant for aggravated murder stemming from a fatal shooting during a robbery in 1980. Appellant pleaded guilty to the charge of voluntary manslaughter, and the trial court convicted him of that offense. On April 10, 2008, the trial court imposed the maximum sentence for the offense of 7 to 25 years in prison.

{¶ 3} On May 7, 2008, appellant filed a notice of appeal to this court from the judgment of the trial court. Appellant also filed a motion to withdraw his guilty plea on May 13, 2008. On July 9, 2008, the trial court denied appellant's motion to withdraw his

plea. Appellant did not file an appeal to this court from the trial court's July 9, 2008 decision. On July 15, 2008, appellant dismissed his appeal from his conviction and sentence.

{¶ 4} On December 24, 2015, appellant filed the instant "motion to vacate void sentence and set aside unconstitutional plea." The motion alleges several grounds for relief, including (1) "[t]his defendant did not have an impartial judge, resulting in structural error," (2) due to appellant's documented mental illness, "[t]he plea tendered was not made knowingly, voluntarily and intelligently making it unconstitutional," (3) the statute of limitations barred his prosecution, and (4) "[t]rial counsel was ineffective falling short of the 6th amendment." (Mot. to Vacate at 6, 8, and 14.)

{¶ 5} On January 8, 2016, the state filed an "answer to petition and motion to dismiss," wherein the state urged the trial court to treat appellant's motion as a petition for postconviction relief, pursuant to R.C. 2953.23(J), and dismiss the petition as untimely filed. The state argued alternatively that res judicata barred the grounds for relief asserted in appellant's motion. On January 18, 2016, the trial court issued a decision and entry construing appellant's motion as a petition for postconviction relief, pursuant to R.C. 2953.23(A), and dismissing the petition as untimely filed.

{¶ 6} Appellant timely appealed to this court from the decision of the trial court.

## II. ASSIGNMENTS OF ERROR

{¶ 7} Appellant assigns the following as error:

> [1.] The trial court erred in recasting this appellant's motion to correct void sentence as a post conviction to deny it on procedural grounds and applying the principals of res judicata when the motion advanced two jurisdictional challenges and obvious errors which by law can be raised at any time thus violating this appellant's constitutional right to a fair trial and the due process of law guaranteed by the 5th and 14th amendments of the US Constitution and the equivalent Articles and Sections of the Ohio Constitution.
>
> [2.] The trial court erred in not granting relief because it is clear that this defendant did not have an impartial judge at trial and sentencing which results in structural error and violates his rights to a fair trial and the due process of law under the 5th and 14th amendments of the US Constitution

and the equivalent Articles and Sections of the Ohio Constitution.

[3.] The trial court erred in not granting relief on the claim the plea tendered was not possibly knowingly, voluntarily and intelligently made thus making it unconstitutional, violating this appellant's constitutional rights to a fair trial and the due process of law under the 5th and 14th amendments of the US Constitution and the equivalent Articles and Sections of the Ohio Constitution.

[4.] The trial court erred in not granting relief on the statute of limitation claim. A conviction for voluntary manslaughter in 2006 stemming from an offense committed in 1980, when the corpus delecti was available in 1980, with no tolling provision available, was barred by the provisions of O.R.C. 2901.13. Since no proper waiver was made to that defense, the sentencing court lacked the jurisdiction to impose a sentence in 2006 and the sentence is void as a matter of law. The trial court's refusal to grant relief violated this appellant's constitutional rights to the due process of law and a fair trial in the 5th and 14th amendments of the US copnstitution [sic] and the equivalent Articles and Sections of the Ohio Constitution.

[5.] The trial court erred in not granting relief on this appellant's ineffective assistance of counsel claim as counsel at trial and sentencing was ineffective in numerous ways violating this appellant [sic] constitutional rights to a fair trial, effective assistance of couns [sic] and the due process of law under the 5th, 6th and 14th amendments of the US Constitution and the equivalent Articles and Sections of the Ohio Constitution.

## III. LEGAL ANALYSIS

### A. First Assignment of Error

{¶ 8} In appellant's first assignment of error, appellant argues that his December 24, 2015 motion challenged the jurisdiction of the sentencing court and that the trial court erred when it construed his motion as a petition for postconviction relief. We disagree.

{¶ 9} Appellant first contends that the sentencing court did not have jurisdiction to enter a judgment of conviction and sentence because the state obtained his conviction

in violation of his constitutional rights under "the 5th and 14th amendments of the U.S. Constitution and the equivalent Articles and Sections of the Ohio Constitution." (Appellant's Brief at 6.) Because his motion challenges the sentencing court's jurisdiction, appellant claims that his motion is not subject to the time limitations applicable to postconviction relief. Appellant confuses the constitutional violations he alleges in his motion with the lack of jurisdiction. Pursuant to R.C. 2901.11(A)(1), "[a] person is subject to criminal prosecution and punishment in this state if * * * [t]he person commits an offense under the laws of this state, any element of which takes place in this state." Pursuant to R.C. 2931.03, "[t]he court of common pleas has original jurisdiction of all crimes and offenses, except in cases of minor offenses the exclusive jurisdiction of which is vested in courts inferior to the court of common pleas." None of the grounds for relief listed in appellant's December 24, 2015 motion, if proven, would impact the jurisdiction of the sentencing court over appellant's offense or of appellant's person. Thus, appellant's contention that the sentencing court lacked jurisdiction is without merit.

{¶ 10} Appellant next contends that the trial court erred when it construed his motion as a petition for postconviction relief and dismissed the petition as untimely filed. We disagree.

{¶ 11} The right to seek postconviction relief is governed by R.C. 2953.21(A)(1)(a), which provides in relevant part:

> Any person who has been convicted of a criminal offense * * * who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief.

{¶ 12} In *State v. Coleman*, 10th Dist. No. 03AP-219, 2003-Ohio-7234, appellant filed a motion styled "Motion to Alter or Amend Judgment and Sentence and/or Motion to Withdraw Plea and/or Motion for New Trial." *Id.* at ¶ 3. The trial court construed the motion as a petition for postconviction relief and denied the motion as untimely filed. In affirming the trial court's decision to construe the motion as a petition for postconviction relief, this court stated the motion, "despite its caption, meets the definition of a motion

for postconviction relief set forth in R.C. 2953.21(A)(1), because it (1) was filed subsequent to appellant's direct appeal, (2) claims a denial of constitutional rights, (3) seeks to render the judgment void, and (4) asks for vacation of the judgment of sentence." *Id.* at ¶ 6, citing *State v. Reynolds*, 79 Ohio St.3d 158, 160 (1997).

{¶ 13} Here, appellant filed his "motion to vacate void sentence and set aside unconstitutional plea" subsequent to his direct appeal, claims a denial of constitutional rights, seeks to render the judgment void, and asks for vacation of the judgment of sentence. Furthermore, because a portion of appellant's December 24, 2015 motion seeks to vacate his conviction and sentence based on alleged constitutional violations that are not evidenced in the trial court record, such relief is available only in the context of a petition for postconviction relief. R.C. 2953.21(J);[1] *Coleman*; *Reynolds*. Thus, the trial court did not err in construing a portion of appellant's motion as a petition for postconviction relief.

{¶ 14} The trial court ruled that appellant's petition was untimely filed. R.C. 2953.21(A)(2) sets forth the time limitations for a motion for postconviction relief, in relevant part, as follows:

> Except as otherwise provided in section 2953.23 of the Revised Code, a petition under division (A)(1) of this section shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * *. If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than three hundred sixty-five days after the expiration of the time for filing the appeal.

{¶ 15} Appellant does not argue that he filed his motion within the 360-day window as required by R.C. 2953.21(A)(2). Nor has appellant made any claim that he can satisfy either of the requirements of R.C. 2953.23(A)(1)(a) and (b) pertaining to a petition filed after the expiration of the prescribed period.[2] A trial court lacks jurisdiction to

---

[1] R.C. 2953.21(J) states: "[s]ubject to the appeal of a sentence for a felony that is authorized by section 2953.08 of the Revised Code, the remedy set forth in this section is the exclusive remedy by which a person may bring a collateral challenge to the validity of a conviction or sentence in a criminal case."

[2] Pursuant to R.C. 2953.23, a court of common pleas may entertain an untimely filed petition for postconviction relief only under the following circumstances:

entertain an untimely petition for postconviction relief unless a petitioner demonstrates that one of the exceptions in R.C. 2953.23(A) applies. *State v. Lacking*, 10th Dist. No. 14AP-691, 2015-Ohio-1715, citing *State v. Tanksley*, 10th Dist. No. 13AP-769, 2014-Ohio-1194, ¶ 6, citing *State v. Hollingsworth*, 10th Dist. No. 08AP-785, 2009-Ohio-1753, ¶ 8. *See also State v. Sparks*, 10th Dist. No. 12AP-1063, 2013-Ohio-3598, ¶ 10. Thus, the trial court did not err when it dismissed a portion of appellant's December 24, 2015 petition as untimely filed.

{¶ 16} We note, however, that appellant's December 24, 2015 motion also alleges that due to his documented mental illness, "[t]he plea tendered was not made knowingly, voluntarily and intelligently making it unconstitutional." (Mot. to Vacate at 8.) The Supreme Court of Ohio held in *State v. Bush*, 96 Ohio St.3d 235, 2002-Ohio-3993, that R.C. 2953.21 and 2953.23 do not govern Crim.R. 32.1 post-sentence motions to withdraw pleas. *Id.* at ¶ 1. In *Bush*, the court reasoned that, "[g]iven that a postsentence Crim.R. 32.1 motion is not collateral but is filed in the underlying criminal case and that it targets the withdrawal of a *plea*, it is not a 'collateral challenge to the validity of the *conviction or sentence*.' " (Emphasis sic.) *Id.* at ¶ 13, citing R.C. 2953.21(J). The court concluded that postsentence motions to withdraw guilty pleas, pursuant to Crim.R. 32.1, exist independent of postconviction relief petitions, and there is no particular timeliness requirement for Crim.R. 32.1 motions. *Id.* at ¶ 14. Though " 'undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of a motion under Crim.R. 32.1 is a factor adversely affecting the credibility of the movant and militating against the granting of the motion,' " there exists no particular temporal filing

(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies: (1) Both of the following apply: (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right. (b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

requirement applicable to all Crim.R. 32.1 motions. *Id.*, quoting *State v. Smith*, 49 Ohio St.2d 261 (1967), paragraph three of the syllabus.

{¶ 17} Accordingly, to the extent that appellant's December 24, 2015 motion directly challenges the validity of his guilty plea, *Bush* requires that appellant's motion be treated as a successive motion to withdraw his guilty plea, rather than a petition for postconviction relief. *Coleman* at ¶ 9, citing *Bush*. Consequently, the time limits for filing petitions for postconviction relief would not apply to this particular ground for relief.

{¶ 18} Nevertheless, appellant argues in his first assignment of error that the trial court erred when it concluded that res judicata barred the grounds for relief asserted in his motion. Generally, the applicability of res judicata is a question of law, which an appellate court reviews de novo. *State v. Johnson*, 5th Dist. No. 12 CA 19, 2013-Ohio-1398. Because the state argued res judicata in opposition to appellant's December 24, 2015 motion and because appellant expressly raises the issue in his first assignment of error, we will consider the applicability of res judicata.

{¶ 19} "[I]n criminal cases res judicata generally bars a defendant from litigating claims in a proceeding subsequent to the direct appeal 'if he or she raised or could have raised the issue at the trial that resulted in that judgment of conviction or on an appeal from that judgment.' " (Emphasis omitted.) *State v. Anderson*, 10th Dist. No. 15AP-897, 2016-Ohio-1089, ¶ 7, quoting *State v. Jackson*, 141 Ohio St.3d 171, 2014-Ohio-3707, ¶ 92. The doctrine "prevents repeated attacks on a final judgment and applies to issues that were or might have been previously litigated." *State v. Sappington*, 10th Dist. No. 09AP-988, 2010-Ohio-1783, ¶ 10. Consequently, " '[r]es judicata * * * acts to bar raising issues in a successive Crim.R. 32.1 motion to withdraw a plea of guilty where those issues could have been raised in the prior Crim.R. 32.1 motion.' " *State v. Tran*, 10th Dist. No. 11AP-146, 2012-Ohio-1072, ¶ 11, quoting *State v. Ikharo*, 10th Dist. No. 10AP-967, 2011-Ohio-2746, ¶ 11, citing *State v. Gallegos-Martinez*, 5th Dist. No. 10-CAA-06-0043, 2010-Ohio-6463, ¶ 12.

{¶ 20} Appellant's December 24, 2015 "motion to vacate void sentence and set aside unconstitutional plea" raises essentially the same issues previously considered and rejected by the trial court in ruling on appellant's May 13, 2008 motion to withdraw his guilty plea, including a claim by appellant that he was suffering from a debilitating mental

illness at the time he entered his guilty plea. As noted above, the trial court denied appellant's May 13, 2008 motion. Appellant did not appeal to this court from the trial court decision. Consequently, even if the trial court had construed appellant's December 24, 2015 motion as a successive motion to withdraw his guilty plea pursuant to Crim.R. 32.1, res judicata barred appellant from relitigating the validity of his guilty plea for a second time in his December 24, 2015 motion. *Tran*; *Ikharo*; *Gallegos-Martinez.* *See also State v. Muhumed*, 10th Dist. No. 11AP-1001, 2012-Ohio-6155, ¶ 12.

{¶ 21} For the foregoing reasons, we find that the trial court properly construed a portion of appellant's December 24, 2015 motion as a petition for postconviction relief and dismissed the petition as untimely filed. Additionally, we find that res judicata barred appellant from raising a successive challenge to the validity of his guilty plea in his December 24, 2015 motion. Accordingly, appellant's first assignment of error is overruled.

### B.  Second, Third, Fourth, and Fifth Assignments of Error

{¶ 22} Appellant's remaining assignments of error challenge the trial court's failure to consider the merits of the individual grounds for relief raised in his December 24, 2015 motion. Having determined that the trial court did not err when it construed a portion of appellant's motion as a petition for postconviction relief and dismissed the petition as untimely filed and having further determined that res judicata barred appellant from raising a successive challenge to the validity of his guilty plea in his December 24, 2015 motion, appellant's remaining assignments of error are also without merit. Accordingly, appellant's second, third, fourth, and fifth assignments of error are overruled.

## IV.  CONCLUSION

{¶ 23} Having overruled appellant's five assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

TYACK and LUPER SCHUSTER, JJ., concur.

_____