[Cite as *State v. Castile*, 2017-Ohio-1380.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                      :

      Plaintiff-Appellee,                    :

v.                                                 :                    No. 16AP-211
                                                                (C.P.C. No. 11CR-3857)
Isaac J. Castile, III,                             :

      Defendant-Appellant.                   :                    **(REGULAR CALENDAR)**

---

D E C I S I O N

Rendered on April 13, 2017

---

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Michael Walton*, for appellee.

**On brief:** *Kura, Wilford & Schregardus Co., L.P.A.,* and *Sarah M. Schregardus*, for appellant.

---

APPEAL from the Franklin County Court of Common Pleas

TYACK, P.J.

{¶ 1} Isaac J. Castile, III, is appealing from the sentence imposed upon him. He assigns a single error for our review:

> The trial court's sentence was clearly and convincingly contrary to law and was an abuse of its discretion and imposed an illegal sentence upon Appellant.

{¶ 2} Castile was found guilty of a number of charges involving securities fraud. He was sentenced but the sentence has been overturned on appeal twice. At his third sentencing hearing, he was ordered to serve a total of 12 years and 9 months of incarceration. That sentence is being contested in the present appeal.

{¶ 3} Two aspects of the sentence are being contested. First, counsel for Castile argues that the trial court did not make the findings necessary to support consecutive sentences for the felonies of which he was found guilty. Second, counsel asserts that the statutory requirements of R.C. 2929.11 and 2929.12 were not met to justify the sentence imposed. Related to the second set of issues, counsel apparently argues, in addition, that some of the felonies should not have resulted in convictions because of the operation of R.C. 2941.25, Ohio's so called "multiple counts statute."

{¶ 4} R.C. 2941.25 reads:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
>
> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶ 5} The state of Ohio argues that the issues regarding R.C. 2941.25 were resolved in the prior appeals, at least by inference. The state is correct in its argument. The doctrine of res judicata bars us from reconsidering those issues.

{¶ 6} Castile defrauded investors of over $250,000. The trial court judge stated his reasons for the sentence imposed clearly. In his sentencing entry, he wrote:

> Considering the facts in this case, the purposes and principals of sentencing and the requirements set forth in R.C. 2929.14(C)(4) the Court finds that a consecutive sentence is both necessary and appropriate. The Court further finds that (a) a consecutive sentence is necessary to punish the Defendant given the seriousness of the offenses committed; (b) a consecutive sentence is not disproportionate to the seriousness of the Defendant's conduct; and (b) *sic* At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of

the courses of conduct adequately reflects the seriousness of the offender's conduct.

(Mar. 16, 2016 Amended resentencing entry at 3.)

{¶ 7} At the third sentencing hearing, the judge stated:

Now, to deal with the findings, 2929.14(C)(4) and (A), it is a continuous course of conduct that has gone on here. One sentence does not justify the amount of pain and suffering inflicted by the defendant, nor is it disproportionate with the amount of money involved. Not only did he take a chunk of cash, but this was basically all the money they had at the time of the event.

Irregardless of his maintaining his innocence, clearly, this was a Ponzi scheme that went on for a while. It's a type of behavior that needs to be punished by consecutive sentences.

(Mar. 7, 2016 Tr. at 11.)

{¶ 8} The judge was clearly attempting to comply with the relatively recent case of *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177. We find that the judge did sufficiently comply.

{¶ 9} Finally, nothing which occurred in the third sentencing hearing or with regard to the third sentencing hearing indicates that the sentence or sentences were contrary to law. Castile was viewed by the trial court as having engaged in a Ponzi scheme. The evidence at trial supports that view. Castile took money from people who thought they were investing in a profitable plan. In reality, later investors were merely providing money to pay off earlier investors. Eventually the number of investors diminished and the later investors got stiffed.

{¶ 10} We find no error with respect to the sentencing this time. Therefore, the assignment of error is overruled and we affirm the judgment of the trial court.

*Judgment affirmed.*

DORRIAN and LUPER SCHUSTER, JJ., concur.