[Cite as *State v. Bridges*, 2018-Ohio-4325.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 106652**

---

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**ANDREY L. BRIDGES**

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-11-552512-A

**BEFORE:** S. Gallagher, J., McCormack, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** October 25, 2018

**FOR APPELLANT**

Andrey L. Bridges, pro se
Inmate No. 650493
B.E.C.I., P.O. Box 540
68518 Bannock Road, S.R. 331
St. Clairsville, Ohio    43950


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
By: Anthony Thomas Miranda
Assistant Prosecuting Attorney
Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio    44113


SEAN C. GALLAGHER, J.:

{¶1}   Andrey Bridges appeals the denial of his postsentence motion to withdraw his guilty plea, which was filed more than five years after his sentence was imposed.   We affirm.

{¶2} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."   Crim.R. 32.1. A manifest injustice is defined as "'a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her.'"   *State v. Cottrell*, 8th Dist. Cuyahoga No. 95053, 2010-Ohio-5254, ¶ 15, quoting *State v. Sneed*, 8th Dist. Cuyahoga No. 80902,

2002-Ohio-6502, ¶ 13.  The defendant bears the burden of establishing the existence of a manifest injustice.  *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977).

{¶3} However, an "undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of a motion under Crim.R. 32.1 is a factor adversely affecting the credibility of the movant and militating against the granting of the motion."  *Id.* at paragraph three of the syllabus.  We review a trial court's denial of a postsentence motion to withdraw a guilty plea under an abuse of discretion standard.  *Cottrell* at ¶ 16.

{¶4} In this case, Bridges was sentenced to community control in April 2012 and he waited more than five years (November 2017) to file a motion to withdraw his plea, after he had already violated the terms of the community control in 2013 and was sentenced to serve 17 months consecutive to the 15 years to life sentence imposed in another case.  Such a delay undermines Bridges's credibility in pursuing his claim under Crim.R. 32.1.  *State v. Trem*, 8th Dist. Cuyahoga No. 101265, 2014-Ohio-4934, ¶ 12 (trial court did not abuse its discretion based on the four-year delay in filing a motion to withdraw a plea under Crim.R. 32.1).

{¶5} Under Crim.R. 32.1, a defendant must demonstrate the existence of a manifest injustice.  "'Manifest injustice relates to some fundamental flaw in the proceedings which results in a miscarriage of justice or is inconsistent with the demands of due process.'"  *State v. Coley-Carr*, 8th Dist. Cuyahoga No. 101611, 2014-Ohio-5556, ¶ 13, quoting *State v. Ruby*, 9th Dist. Summit No. 23219, 2007-Ohio-244, ¶ 11.  A "postsentence withdrawal motion is allowable only in extraordinary cases."  *Id.*, citing *State v. Montgomery*, 2013-Ohio-4193, 997 N.E.2d 579, ¶ 61 (8th Dist.), and *Smith*, 49 Ohio St.2d at 264, 361 N.E.2d 1324.  The trial court did not abuse its discretion in denying Bridges's motion.

**{¶6}** Nevertheless, Bridges's sole, preserved argument in support of his burden to demonstrate a manifest injustice is founded upon R.C. 2941.401, which imposes a 180-day speedy-trial limit when an offender has been indicted while serving a term of imprisonment in another, unrelated case. Bridges claims to have been serving a term of incarceration when he was indicted in the underlying case and had he known that the speedy-trial limitation under R.C. 2941.401 applied, he would not have pleaded guilty. Although it was well within the trial court's discretion to deny the postsentence motion to withdraw as being belated, there is no factual basis supporting Bridges's argument either. R.C. 2941.401 does not apply in this case because Bridges was not indicted for the underlying crime while he was imprisoned for another case; he had been released from the term of imprisonment before the state indicted him in the underlying matter. Bridges's reliance on the statutory limitation as a basis to withdraw his plea is misplaced. He abandoned a motion to dismiss premised on those speedy-trial concerns before pleading guilty.

**{¶7}** Although Bridges claims in this appeal that his statutory speedy-trial rights under R.C. 2945.71 were violated, that was not an argument advanced for the trial court's consideration. New issues cannot be raised and argued for the first time on appeal. *State v. Anderson*, 151 Ohio St.3d 212, 2017-Ohio-5656, 87 N.E.3d 1203, ¶ 4. Our review of the denial of a postsentence motion to withdraw a guilty plea is for an abuse of discretion. It cannot be concluded that a trial court abused its discretion in overruling an argument if that argument was never presented for the trial court's consideration in the first instance. *State v. D.K.*, 8th Dist. Cuyahoga No. 106539, 2018-Ohio-2522, ¶ 17. It bears noting, however, that in the underlying case, Bridges requested several continuances of the pretrial conferences and failed to respond to

the state's request for discovery that are considered tolling events.[1]    Even if the argument had been properly preserved, it appears from the record that no violation of R.C. 2945.71 occurred.

{¶8} In the alternative, in light of the fact that Bridges had filed and abandoned a motion to dismiss based on the speedy-trial concerns, the arguments presented in the current motion to withdraw his plea could have been raised in a direct appeal.   The doctrine of res judicata prohibits Bridges from litigating those issues anew in a postsentence motion to withdraw his guilty plea under Crim.R. 32.1.   *Coley-Carr*, 8th Dist. Cuyahoga No. 101611, 2014-Ohio-5556, at ¶ 11, citing *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus; *see also State v. Jenkins*, 10th Dist. Franklin No. 16AP-105, 2016-Ohio-5533, ¶ 19; *State v. Tran*, 10th Dist. Franklin No. 11AP-146, 2012-Ohio-1072, ¶ 11.

{¶9} We affirm.

It is ordered that appellee recover from appellant costs herein taxed.   The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.   Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

[1] Bridges, who posted bond on September 2, 2011, was indicted on July 26, 2011, and pleaded guilty on March 22, 2012.   Thus, the total speedy-trial time that elapsed without considering tolling events was 320 days.   Bridges failed to respond to the state's discovery demand made on August 5, 2011, and Bridges sought to continue the pretrial conference set for October 12, 2011, until November 14, 2011, which tolled the speedy-trial time for over 60 days even if only 30 days are attributed to the failure to respond to discovery — bringing the speedy-trial clock below the 270-day threshold.   *State v. Palmer*, 112 Ohio St.3d 457, 2007-Ohio-374, 860 N.E.2d 1011, ¶ 23.   Even if no other tolling event is considered, no violation of R.C. 2945.71 occurred.

SEAN C. GALLAGHER, JUDGE

TIM McCORMACK, P.J., CONCURS;
PATRICIA ANN BLACKMON, J., CONCURS IN JUDGMENT ONLY