[Cite as *State v. Castile*, 2023-Ohio-2860.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                          :

        Plaintiff-Appellee,                    :               No. 23AP-155
                                                (C.P.C. No. 11CR-3857)

v.                                                       :

                                    (ACCELERATED CALENDAR)

Isaac J. Castile, III,                                 :

        Defendant-Appellant.                   :

---

D E C I S I O N

Rendered on August 15, 2023

---

**On brief:** [*Janet Grubb*, First Assistant Prosecuting Attorney], and *Michael A. Walsh*, for appellee.

**On brief:** *Isaac J. Castile, III*, pro se.

---

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Defendant-appellant, Isaac J. Castile, III, pro se, appeals from an entry of the Franklin County Court of Common Pleas denying his motion to dismiss counts in his indictment. For the following reasons, we affirm.

**I. Facts and Procedural History**

{¶ 2} By indictment filed July 21, 2011, plaintiff-appellee, State of Ohio, charged Castile with two counts of securities fraud in violation of R.C. 1707.44(G), first-degree felonies; two counts of false representation in the sale of securities in violation of R.C. 1707.44(B)(4), first-degree felonies; two counts of sale of unregistered securities in violation of R.C. 1707.44(C)(1), first-degree felonies; three counts of theft in violation of R.C. 2913.02, third-degree felonies; one count of securities fraud in violation of R.C. 1707.44(G), a third-degree felony; one count of false representation in the sale of securities

in violation of R.C. 1707.44(B)(4), a third-degree felony; and one count of sale of unregistered securities in violation of R.C. 1707.44(C)(1), a third-degree felony. Following a jury trial, Castile was convicted of all counts except one of the theft counts, and the trial court sentenced Castile to an aggregate sentence of 13 years and 6 months. The trial court journalized Castile's convictions and sentence in a December 6, 2012 judgment entry.

{¶ 3} Castile filed a direct appeal, represented by counsel, and raised five assignments of error, including arguments related to plea negotiations prior to trial, the trial court's response to jury questions during deliberations, the imposition of consecutive sentences without making the required findings, merger, evidentiary challenges, and judicial bias. *State v. Castile*, 10th Dist. No. 13AP-10, 2014-Ohio-1918 ("*Castile I*"). This court affirmed Castile's convictions, but sustained Castile's assignment of error related to consecutive sentences and remanded the matter to the trial court for resentencing. *Castile I* at ¶ 34-35.

{¶ 4} Following our decision in *Castile I*, Castile made a series of filings seeking to challenge our decision in *Castile I*. Castile first filed a pro se notice of appeal to the Supreme Court of Ohio, and the Supreme Court denied jurisdiction on September 24, 2014. Castile next filed a pro se motion in this court seeking reopening of this court's decision in *Castile I*, alleging ineffective assistance of appellate counsel for his counsel's failure to argue insufficiency of the evidence, prosecutorial misconduct, and ineffective assistance of trial counsel for failing to request funding for an expert witness and for not allowing Castile to testify in his own defense. This court denied the application for reopening. *State v. Castile*, 10th Dist. No. 13AP-10 (Oct. 21, 2014) (memorandum decision). Castile then sought reconsideration or en banc consideration, and this court denied his motion. *State v. Castile*, 10th Dist. No. 13AP-10 (Mar. 19, 2015) (memorandum decision). Additionally, Castile filed a notice of appeal to the Supreme Court of Ohio, and the Supreme Court again declined to accept jurisdiction.

{¶ 5} In the midst of Castile's various filings, the trial court resentenced Castile, pursuant to our decision in *Castile I*, on December 18, 2014. The trial court again imposed an aggregate sentence of 13 years and 6 months. Castile then filed an untimely direct appeal to this court, and this court granted Castile's motion for leave to file a delayed appeal. Castile was represented by counsel and set forth four assignments of error, all alleging

sentencing errors. In a December 11, 2015 decision, this court reversed the trial court's resentencing on a classification issue and again remanded the matter to the trial court for resentencing. *State v. Castile*, 10th Dist. No. 15AP-103, 2015-Ohio-5121, ¶ 9-11 ("*Castile II*").

{¶ 6} Pursuant to *Castile II*, the trial court resentenced Castile on March 16, 2016, this time sentencing him to an aggregate prison term of 12 years and 9 months. Castile filed a direct appeal to this court, represented by counsel, and asserted only one assignment of error related to his sentence. *State v. Castile*, 10th Dist. No. 16AP-211, 2017-Ohio-1380, ¶ 1 ("*Castile III*"). In an April 14, 2017 decision, this court affirmed Castile's sentence. *Castile III* at ¶ 10.

{¶ 7} On January 6, 2022, more than ten years after the state filed the indictment and more than four years after this court's decision in *Castile III*, Castile filed a pro se motion to dismiss certain counts in his indictment. Castile argued the applicable statute of limitations operated to bar Counts 1, 2, 3, 5, 6, and 7 of his indictment and that those counts must be dismissed. The state opposed the motion to dismiss, noting Castile had not raised an argument related to the statute of limitations in any of his various legal filings over the past ten years. Castile filed a reply on February 23, 2022, conceding he had never raised a statute of limitations claim before but arguing he should be permitted to pursue the argument due to his status as a pro se litigant. In a February 8, 2023 entry, the trial court denied Castile's motion to dismiss, finding Castile's motion barred by res judicata. Castile timely appeals.

## II. Assignment of Error

{¶ 8} Castile assigns the following sole assignment of error for our review:

> The trial court abused its discretion by not dismissing Counts one, two, three, five, six and seven of the indictment based on a statute of limitations violation which deprived that court of jurisdiction.

## III. Discussion

{¶ 9} In his sole assignment of error, Castile argues the trial court erred when it denied his motion to dismiss Counts 1, 2, 3, 5, 6, and 7 of his indictment.

{¶ 10} Though Castile captioned his motion as a motion to dismiss, he filed the motion more than ten years after the indictment was filed and more than nine years after the trial court journalized his conviction. The trial court determined the motion was barred by res judicata. "[I]n criminal cases res judicata generally bars a defendant from litigating claims in a proceeding subsequent to the direct appeal 'if he or she raised or could have raised the issue at the trial that resulted in that judgment of conviction or on an appeal from that judgment.' " (Emphasis omitted.) *State v. Anderson*, 10th Dist. No. 15AP-897, 2016-Ohio-1089, ¶ 7, quoting *State v. Jackson*, 141 Ohio St.3d 171, 2014-Ohio-3707, ¶ 92. The applicability of res judicata is a question of law that we review de novo. *State v. Braden*, 10th Dist. No. 17AP-321, 2018-Ohio-1807, ¶ 10.

{¶ 11} Here, Castile concedes he did not raise the issue of the statute of limitations during his trial or in any of the direct appeals stemming from his conviction, sentencing, and resentencing hearings. Despite his failure to raise the applicability of the statute of limitations until his January 6, 2022 motion, filed more than nine years after his conviction, Castile now asserts that res judicata should not operate to bar the argument because, he asserts, the expiration of the statute of limitations left the trial court without jurisdiction and the judgment of his conviction is, therefore, void. Castile is generally correct that there is an exception to the application of res judicata when the challenge is to a void judgment as a void judgment may be challenged at any time. *See State v. Melhado*, 10th Dist. No. 15AP-960, 2016-Ohio-3346, ¶ 6, citing *State v. Mitchell*, 187 Ohio App.3d 315, 2010-Ohio-1766, ¶ 22 (6th Dist.), fn. 1, citing *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, ¶ 30, *superseded by statute on other grounds*; *State v. Skipper*, 10th Dist. No. 20AP-494, 2021-Ohio-2206, ¶ 16. However, " 'the expiration of a statute of limitations is not a jurisdictional defect' " and, thus, would not render the trial court's judgment void. *Daniel v. State*, 98 Ohio St.3d 467, 2003-Ohio-1916, ¶ 7, quoting *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 76 (1998). Thus, because Castile did not raise the applicability of the statute of limitations at trial or on direct appeal, res judicata operates to bar him from raising that argument in his post-conviction motion to dismiss certain counts in his indictment. *See State v. Jenkins*, 10th Dist. No. 16AP-105, 2016-Ohio-5533, ¶ 7, 20-22 (res judicata operated to bar appellant from repeatedly relitigating the validity of his guilty plea, including his argument that the expiration of the applicable statute of limitations rendered

his conviction void); *Daniel* at ¶ 8 (a claim of a violation of the statute of limitations should have been raised at trial or on direct appeal).  Accordingly, the trial court did not err in denying Castile's motion to dismiss as barred by res judicata.

{¶ 12}  We overrule Castile's sole assignment of error.

## IV. Disposition

{¶ 13}  Based on the foregoing reasons, the trial court did not err in denying Castile's motion to dismiss Counts 1, 2, 3, 5, 6, and 7 of his indictment as res judicata barred the motion.  Having overruled Castile's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

MENTEL and EDELSTEIN, JJ., concur.